UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        No. 1:15-pt-18

      v.                              Hon. Janet T. Neff

SANTANA ROMERO DOTTERY,

        Defendant.
_____/

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR EARLY TERMINATION OF SUPERVISED RELEASE

The United States of America, by its attorneys, Andrew Byerly Birge, Acting United States Attorney, and Sally J. Berens, Assistant United States Attorney, hereby files its response to the Defendant's Motion to Terminate Supervision.

FACTS

On December 17, 2003, a federal grand jury in the Eastern District of Michigan, Northern Division, returned a three-count indictment charging the defendant with knowingly using a communication facility, a telephone, to facilitate a drug transaction, contrary to 21 U.S.C. § 843(b) [Count 1]; possession of five grams or more of cocaine base (crack cocaine), with intent to distribute, contrary to 21 U.S.C. § 841(a) and (b)(1)(B) [Count 2]; and distribution of 50 grams or more of cocaine base, contrary to 21 U.S.C. § 841(a) and (b)(1)(A)(iii) [Count 3].

On April 5, 2005, defendant entered a guilty plea to Counts 1 and 3 of the Indictment. A presentence report was prepared and the defendant had a total offense level of 30 and Criminal History Category of I, for a guideline range of 97-121 months. However, due to the mandatory minimum sentence of 120 months associated with Count 3, the guideline range was 120-121

1

months.  On January 3, 2006, Defendant was sentenced to 120 months' incarceration followed by 5 years of supervision.

The government has consulted with Defendant's probation officer who reports that he has been in compliance throughout his term of supervised release.  He began supervision in the Eastern District of Michigan on November 7, 2014, and his expiration date is November 6, 2019.  The officer has been supervising him on U.S. Probation's administrative caseload (low risk offenders) since September 2015.  During this time, defendant has maintained a stable residence with his family, and he has maintained full-time employment with DENSO Manufacturing.  He has paid his special assessment in full, reports as directed, and has no remaining supervision conditions to satisfy.  He was recently promoted at his job, and he travels to Eastern District of Michigan frequently for family functions.  Probation policy does not allow the officer to make any recommendation as to early termination.

LAW AND ARGUMENT

The Court may terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); *see United States v. Lussier,* 104 F.3d 32, 36 (2d Cir. 1997).  The Court is authorized to terminate a term of supervised release after completion of one year even if the defendant was sentenced to a mandatory term of supervised release.  *See United States v. Spinelle*, 41 F.3d 1056, 1060-61 (6th Cir. 1994).

Early termination is a discretionary decision warranted in cases of changed circumstances.  *United States v. Campbell*, 2006 WL 3925588 (6th Cir. Jul. 25, 2006) (citing *Lussier,* 104 F.3d at 36).  In determining whether to grant a motion for early termination, the

Court must demonstrate that it has considered the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See* 18 U.S.C. § 3583(e). *See United States v. Mathis-Gardner*, 783 F.3d 1286, 1288 (D.C. Cir. 2015) (the record must sufficiently reflect the district court's reasoning to allow for abuse of discretion review); *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) ("although a court need not make explicit findings as to each of the factors, the record must reveal that the court gave consideration to the Section 3553(a) factors"); *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003) (requiring a statement that the court has considered the statutory factors but not findings of fact); *but see United States v. Mosby*, 719 F.3d 925, 931 (8th Cir. 2013). Section 3583(e) does not incorporate § 3553(a) in its entirety. For example, Section 3583(e) does not list Section 3553(a)(2)(A) [reflect the seriousness of the offense] or Section 3553(a)(3) [kinds of sentences available], as factors to consider. Likewise, Section 3583(e) does not incorporate the requirement that the sentence be "sufficient, but not greater than necessary."

Dottery, as the party receiving the benefit, bears the burden of demonstrating that early termination of supervised release is warranted. *United States v. Weber*, 451 F.3d 552, 559 (9th Cir. 2006). The Court is not required to reconsider the original judgment and the length and terms of supervised release. Rather, this Court is tasked with deciding whether early discharge is warranted. "Early discharge may be appropriate to account for new or unforeseen circumstances not contemplated at the initial imposition of supervised release." *United States v. McKay,* 352 F. Supp. 2d 359, 360 (E.D.N.Y. 2005) (citing *Lussier,* 104 F.3d at 36). "Model prison conduct and full compliance with the terms of supervised release is what is expected of [a] defendant and all others serving terms of imprisonment, and does not warrant early termination." *United States v. Weintraub*, 371 F. Supp. 2d 164, 166-67 (D. Conn. 2005). On the contrary, early termination

may undermine the progress demonstrated by a compliant supervisee. *See United States v. Smith,* 219 F. App'x 666, 668 (9th Cir. 2007) ("Although Smith completed the Bureau of Prisons drug abuse program, and has not tested positive for drugs since his release, it is not irrational to impute to the district court the conceivable basis for denial that supervision with the condition of periodic drug testing is a legitimate disincentive to resume drug use.").

In *United States v. McKay,* 352 F. Supp. 2d 359 (E.D.N.Y. 2005), the district court denied a request for early termination. That court noted,

> McKay has resumed his pre-incarceration life; apparently, has resumed his organizational endeavors; and has been restored to his family life. All of these activities are commendable but are expected of a person on supervised release and do not constitute the "exceptional behavior" contemplated in the precedents … Therefore, McKay is not entitled to early termination simply because he has successfully served a portion of his supervised release. While McKay's behavior in prison and on supervised release is laudable, it is not so unusual as to merit early termination. Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.

*Id.* at 361. The *McKay* court approved another judge's observation that "while [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule." *Id.* (citing *United States v. Medina,* 17 F. Supp. 2d 245 (S.D.N.Y. 1998)).

Dottery has served less than three years of his five-year term of supervised release. That is substantially less than the mandatory minimum term of five years. *See e.g., United States v. Longerbeam*, 2016 WL 4046896 (D.D.C. Jul. 27, 2016) (early termination denied for sex offender who served six of 10 years of supervised release term); *McKay*, 352 F. Supp. 2d at 360 (early termination denied for defendant who served 14 months of 3 years of supervised release term); *United State v. Etheridge*, 999 F.Supp.2d 192 (D.D.C. 2013) (early termination approved where defendant served four of five years of supervised release term). He has apparently

resumed his pre-incarceration life and served two years and four months of his supervised release without incident.  As noted in *Weintraub* and *McKay,* this is what is expected of a person in his status.  There is no indication that Dottery's employment is impaired by his supervision by U.S. Probation.  Dottery is not seeking any educational opportunities that are being affected by supervised release.

Despite the information in support of his motion, it is well within this Court's discretion to deny the petition.  *See, e.g., Campbell*, 2006 WL 3925588 ("No abuse of discretion demonstrated in denial of motion to terminate supervised release.").  However, based on the information set out in Dottery's motion, it would also be reasonable for the Court to grant the motion.  A "district court has wide discretion in determining whether to terminate an individual's term of supervised release." *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006).  After all, the "sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court." *Gall v. United States*, 552 U.S. 38, 51-52 (2007).

The government does not oppose early termination.

                    Respectfully submitted,

                    ANDREW BYERLY BIRGE
                    Acting United States Attorney

Dated: March 20, 2017                /s/ Sally J. Berens
                    SALLY J. BERENS
                    Assistant United States Attorney
                    P.O. Box 208
                    Grand Rapids, Michigan 49501-0208
                    (616) 456-2404

CERTIFICATE OF SERVICE

      I hereby certify that on March 20, 2017, the foregoing document was electronically filed. I further certify that a copy of the foregoing document was mailed on this date to the opposing party if he/she was not registered to receive the document by the Court's electronic filing system.

      /s/ Sally J. Berens
SALLY J. BERENS
United States Attorney's Office
Post Office Box 208
Grand Rapids, MI  49501-0208
(616) 456-2404